UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 19-197 |
| KHALID AHMED SATARY | SECTION D (4) |

### ORDER AND REASONS

Defendant Khalid Satary filed a Motion to Compel in which he requested, among other matters and as relevant here, the clawback of his and his family's personal financial information which had been obtained by the Government in response to subpoenas, and subsequently disclosed in similarly charged criminal cases.[1] The Government opposed the Motion.[2] After hearings on the Motion to Compel, the Magistrate Judge ordered additional briefing on the issue.[3] The Magistrate Judge then issued an order denying the Defendant's Motion to Compel with respect to his clawback request.[4] Defendant now appeals and files objections to the Magistrate Judge's order denying in part Defendant's Motion to Compel.[5] The Government has filed a Response to the Defendant's Appeal and Objections.[6] After careful consideration of the parties' memoranda, the record, and the applicable law,

---

[1] *See* R. Doc. 52.
[2] R. Doc. 67.
[3] *See* R. Doc. 89; *see also* R. Doc. 91 (Government's Supplemental Memorandum); R. Doc. 95 (Defendant's Supplemental Memorandum); R. Doc. 101 (Government's Reply).
[4] R. Doc. 146.
[5] R. Doc. 149.
[6] R. Doc. 151.

the Court denies Defendant's appeal, overrules Defendant's objections, and denies him the relief he requests.

## I. FACTUAL BACKGROUND

For judicial efficiency, the Court adopts here the Factual Background as outlined in the background section of the Magistrate Judge's Order.[7] Summarized briefly, Defendant Khalid Satary stands accused of defrauding the Medicare program of millions of dollars through a web of companies he purportedly controlled.[8] This fraud was related to genetic testing that the Government claims was not medically necessary.[9] There are similar cases filed in districts across the country.[10] In bringing these cases, the Government conducted an extensive investigation and obtained a large amount of evidence. As relevant here, the Government obtained financial information in response to Grand Jury subpoenas related to Satary and his immediately family members from various bank accounts.[11] The Government subsequently shared this information with Government attorneys in other genetic testing cases, and the information was disclosed to the defendants in those cases.[12]

Satary seeks to clawback the financial documents shared with other defendants in other genetic testing cases. The Magistrate Judge issued an order denying Satary's Motion to compel such a clawback.[13] The Magistrate Judge correctly found that because an AUSA only summarized the financial records to the grand jury,

---

[7] *See* R. Doc. 146 at 1-4.
[8] *See* R. Doc. 1.
[9] *Id.*
[10] *See* R. Doc. 130-1 at 1-2; R. Doc. 151 at 3 n.3.
[11] *See generally* R. Docs. 52-2 and 130-1.
[12] *See* R. Doc. 130-1 at 1-2.
[13] R. Doc. 146.

the records were not a "matter occurring before a grand jury" and therefore there was no prohibition against their disclosure under Federal Rule of Criminal Procedure 6(e).

Satary appeals the Magistrate Judge's order.[14] He argues that the Magistrate Judge made a "mistake of omission" because she did not identify the authority by which the Government could provide financial records *to defendants* in other matters. Defendant advises that he "does not dispute" the authority to provide the financial records to another government attorney; instead, his objection is to the subsequent disclosure, presumably by the government attorneys, to third parties, presumably the opposing counsel in the similarly charged pending cases. Satary argues that the disclosure to third parties under Federal Rule of Criminal Procedure 16 cannot trump the Right to Financial Privacy Act ("RFPA").

The Government opposes Satary's appeal.[15] The Government notes that Satary has standing to challenge the production of financial records from only one bank account, as the remaining accounts were corporate accounts or those of Satary's family members. The Government further argues that Satary cites no authority for his position or the remedy he seeks, as none exists. Finally, the Government contends that it did not violate the RFPA because it disclosed the financial records to other Government attorneys in the course of various prosecutions, which disclosure falls within the permissible scope of disclosure listed in Rule 6(e).

---

[14] R. Doc. 149.
[15] R. Doc. 151.

## II. LEGAL STANDARD

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court" with the exception of certain matters not relevant here.[16] "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to the law."[17] The Court shall review the Magistrate Judge's legal conclusions *de novo*, and shall review the Magistrate Judge's factual findings for clear error.[18]

## III. ANALYSIS

The issue before the Court is whether the Government had the authority to share Satary's bank records with other Assistant United States Attorneys, who then shared the records with opposing counsel or defendants in certain cases.[19] Satary argues that the Magistrate Judge committed a "mistake of omission" because she did not identify the authority by which the information was provided to the defendants in the other cases. The Magistrate Judge found that because the bank statements did not reveal the inner workings of the grand jury, they did not constitute "matters before the grand jury" and therefore did not violate Federal Rule of Criminal Procedure 6(e)(2). Importantly, in his appeal and objections, Satary does not

---

[16] 28 U.S.C. § 636(b)(1)(A).
[17] *Id.*; *see also* Fed. R. Civ. P. 72.
[18] *See Floyd*, 2010 WL 2710649, at *1 (citing *Choate v. State Farm Lloyds*, No. 03-cv-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)).
[19] The Government points out that although the records of a number of bank account records were subpoenaed, only one bank account is in the name of Defendant. *See* R. Doc. 130-1 at 5 ¶ 8. The remainder are in the names of others not before the Court or on the name of a corporation. *See Spa Flying Serv. Inc. v. United States*, 724 F.2d 95, 96 (8th Cir. 1984) (holding that the RFPA does not apply to accounts held by corporations). Because the Government acknowledges that at least one account is at issue, the Court continues its analysis.

explicitly disagree with the Magistrate Judge's decision that the records were not a "matter occurring before a grand jury," but instead seems to suggest that this decision was not dispositive of the matter.

Authority for the Government's actions in disclosing the records to other Government attorneys exists under the Federal Rules and the RFPA. The RFPA, the statute on which Satary relies to argue that his financial records should be clawed back, provides that:

> Financial records about a customer obtained from a financial institution pursuant to a subpoena issued under the authority of a Federal grand jury . . . shall not be maintained . . . unless such record has been used in the prosecution of a crime for which the grand jury issued an indictment or present or for a purpose authorized by rule 6(e) of the Federal Rules of Criminal Procedure.[20]

It is the final clause that is at issue here. Rule 6(e)(3) provides exceptions to the general rule of secrecy for grand jury matters. Accordingly, even were the financial records "matters occurring before a grand jury" they could be disclosed under one of the applicable exceptions without offending the RFPA. Rule 6(e)(3)(A)(i) provides that a disclosure may be made to "an attorney for the government for use in performing that attorney's duty."[21]

Satary does not contest the Government's power to disclose grand jury material to other AUSAs, even those in other districts.[22] Satary instead argues that the attorneys to whom the records were disclosed had no authority to then share the

---

[20] 12 U.S.C. § 3420.
[21] Fed. R. Crim. P. 6(e)(3)(a)(i).
[22] The Court understands Satary to be waiving such an argument in his objections. Such objections run contrary to caselaw. *See Impounded*, 277 F.3d 407, 412-13 (3d Cir. 2002).

records with the defendants they were prosecuting. Federal Rule of Criminal Procedure 16 (as well as Supreme Court precedent) obligates the Government to disclose various forms of discovery to a defendant, including documents used that are material to the defendant's defense or will be used in the prosecution's case-in-chief.[23] With no citation, Satary argues that "Rule 16 discovery obligations cannot trump the Right to Financial Privacy Act."[24] The Court need not and does not address the question of whether Rule 16 discovery obligations "trump" the RFPA. In this matter, the Rule 16 obligations are harmonious with the RFPA's exceptions. As described above, the RFPA makes an explicit exception for disclosures under Rule 6(e). And Rule 6(e)(3)(A)(i) provides that a disclosure may be made to "an attorney for the government for use in performing that attorney's duty."[25] The Court notes that the phrase "for use in performing that attorney's duty" is broad enough to encompass potential disclosure of the documents in prosecution of another Defendant if required under Rule 16 discovery obligations. Indeed, the language of the Rule 6(e)(3)(A)(i) has been broadened. Where it previously applied to "use in the performance of such attorney's duty to enforce federal criminal law"[26] it now lacks the final clause, allowing for disclosure in other instances. Further, Courts have broadly interpreted this clause.[27] Finally, the Court notes that the Government represents that the transfer of financial records, such as those at issue here, is consistent with the

---

[23] *See* Fed. R. Crim. P. 16(a)(1)(E); *see also Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).
[24] R. Doc. 149 at 6.
[25] Fed. R. Crim. P. 6(e)(3)(a)(i).
[26] *See United States v. Sells Engineering, Inc.*, 463 U.S. 418 (1983) (interpreting the earlier version of Rule 6(e)).
[27] *See Impounded*, 277 F.3d at 413.

practice of criminal prosecutors across the country.[28] Accordingly, the instant AUSAs did not err in sharing the documents with other AUSAs, and those Government attorneys did not err in complying with their discovery obligations.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that that Defendant's Appeal of the Magistrate Judge's Order is **DENIED**.

New Orleans, Louisiana, June 16, 2021.

                                               *Wendy B. Vitter*
                                        **WENDY B. VITTER**
                                  **UNITED STATES DISTRICT JUDGE**

---

[28] R. Doc. 130-1 at 6 ¶ 11.