UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | Criminal No. 2:19-CR-00197 |
| v. ) | |
| ) | Section "D" |
| ) | Judge Wendy B. Vitter |
| **KHALID AHMED SATARY,** ) | |
| ) | Magistrate (4) |
| **Defendant.** ) | Magistrate Judge Roby |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF KHALID SATARY'S MOTION TO SUPPRESS (DOC. 199) AND THE LABS' MOTION FOR THE RETURN OF PROPERTY (DOC. 201)

Defendant Khalid Satary and Third-Parties Alpha Medical Consulting, Inc., Clio Laboratories, LLC, Elite Medical Laboratories, Inc., GNOS Medical Inc., Lazarus Services, LLC, Performance Laboratories, LLC ("the Labs") submit this memorandum of law in support of their respective motions to suppress (Doc. 199) and to return property (Doc. 201).

As argued in those motions, the Government violated the Fourth Amendment and the Federal Rules of Criminal Procedure by seizing electronic materials and failing to conduct a second-step analysis to cull materials to those within the scope of the warrants. The Government then distributed, and continues to distribute, these documents to others without having conducted this limiting analysis.

The Government has now admitted that it has seized and retained documents outside the scope of the warrants. In *United States v. Trotta*, No. 21-cr-60260 (S.D. Fla.), the Government recently told Satary and the Labs that it would produce their materials to the defendant—but only those documents that were taken within the scope of the search warrants. Specifically, the Government stated it would not produce to the defendant an unspecified number of "documents

1

that were outside the date range of the as-applicable search warrants." (Exhibit A.) Attached as Exhibit A to this memorandum is a true and accurate copy of the Government email dated April 8, 2022 to counsel for Satary and counsel for the Labs.

More recently, in the Filter Team's opposition brief to the appeal of and objection to Chief Magistrate Judge Roby's March 23, 2022 Order (filed April 20, 2022 under seal), the Filter Team made the following statement concerning another matter, *United States v. Fluitt*, 3:20-cr-00196-TAD-KDM (W.D. La.).

> In the related *Fluitt* criminal matter, Magistrate Judge McClusky on March 4, 2022 entered an order granting a Rule 502(d) release to Defendant in that matter of *all* **within-date-scope documents** listed on Defendant Satary's and the Labs' logs. (bolded emphasis added)

The Filter Team adds this "within-date-scope" limitation, affecting an unspecified number of documents, that does not exist in the initial order. Fluitt seeks the production of all of Satary's and the Lab's privileged material—without limitation—in addition to all of their non-privileged materials already produced to him.[1] And the magistrate judge granted Fluitt's request. An appeal of this March 4, 2022 Order is pending. But this marks the second time in the last few weeks where the Government has mentioned that it possesses documents taken outside the date scope of the search warrants.

---

[1] The *Fluitt* case further highlights the cart-before-the-horse approach the Government has taken with respect to seizing materials and distributing them without ever conducting a second-step analysis to determine whether the materials taken were even within the scope of the search warrants.
    Satary and the Labs requested that any such production be stayed until the pending suppression and Rule 41(g) motions are resolved by this Court. The Magistrate Judge was "not unsympathetic" to that request, but denied a stay given the closeness to the then-impending *Fluitt* trial date (which has since been continued until October 2022). (*Fluitt* Dkt. No. 79 at 11-12.) Satary and the Labs have appealed this order, and a request for a stay is pending before the District Judge. (*Fluitt* Dkt. No. 81.)

While Satary and the Labs have been arguing for years that the Government exceeded the scope of the search warrants, these are the first times the Government itself has admitted so. It is troubling that the Government finally realizes it has seized materials outside the scope of search warrants, yet has not notified this Court when there are pending motions specifically challenging the Government's improper seizure and retention of Satary's and the Labs' materials.

Satary and the Labs request that this Court compel the Government to identify any of their materials that the Government acknowledges it has taken and retained outside the scope of the search warrants. The Government has no authority to possess or distribute materials that it knows was taken outside the scope of the warrants. Such materials should be returned to Satary and the Labs. Moreover, the Government should clawback these illegally seized materials from any third parties to whom the Government has already distributed them.

This, unfortunately, is another troubling example of how the Government has mishandled Satary's and the Labs' materials in this matter. There are other unresolved questions regarding the execution of the search warrants, specifically with respect to protecting privileged documents. It is unclear how the Prosecution Team chose to select and categorize the specific subset of privileged documents at issue in its crime-fraud motion. Allegedly this was based solely on the information provided in the privilege logs, but some knowledge of the content of the privileged materials themselves is evident. It appears that the Prosecution Team had access to privileged information. (*See* Doc. 236 at pp. 3–7.)

The Prosecution Team denies this, stating that it did not "intimidate[] witnesses in order to induce an attorney to breach the ethical obligations owed to his or her own clients." (Doc. 243 at 3.) But that is a *very specific and narrow* denial. It notably is not a denial that the Prosecution Team received information about the contents of privileged material—it only denies that the

3

Government "intimidated" an "attorney." The Government does not deny that Victoria Nemerson, former counsel to Satary and the Labs, may have *voluntarily* disclosed privileged information to the Government (for example, to avoid prosecution against herself and her son). Nor does it foreclose the possibility that the Prosecution Team received this information from a non-attorney.

Given this new admission by the Government, and in light of the outstanding issues, Satary and the Labs respectfully submit that a hearing is appropriate to examine how the Government has handled their materials since taking them in September 2019.

Respectfully submitted,

*/s/ Richard W. Westling*
Richard W. Westling (#20027)
Epstein, Becker & Green, PC
1227 25th Street, NW, Suite 700
Washington, DC 20037
Tel: 202-861-1868
Fax: 202-861-3504
rwestling@egblaw.com
*Local Counsel for Alpha Medical Consulting, Inc., Clio Laboratories, LLC, Elite Medical Laboratories, Inc., Performance Laboratories LLC, Lazarus Services, LLC, and GNOS Medical Inc.*

*/s/ Melissa L. Jampol*
Melissa L. Jampol
Jeffrey P. Mongiello
Epstein, Becker & Green, PC
875 Third Avenue
New York, NY 10022
Tel: 212-351-4500
mjampol@ebglaw.com
*Counsel for Third Parties
Alpha Medical Consulting, Inc., Clio Laboratories, LLC, Elite Medical Laboratories, Inc., Performance Laboratories LLC, Lazarus Services, LLC, and GNOS Medical Inc.*

/s/ Scott R. Grubman
Scott R. Grubman
Ga. Bar No. 317011
Chilivis Grubman Dalbey & Warner LLP
1834 Independence Square
Atlanta GA 30338
Telephone: (404) 233-4171
sgrubman@cglawfirm.com
*Trial Attorney for Defendant*
*Khalid Ahmed Satary*

/s/Samuel H. Winston
Samuel H. Winston (#34821)
Evan J. Bergeron (#33725)
Jeigh L. Britton (#39820)
Winston Bergeron, LLP
1700 Josephine Street
New Orleans, Louisiana 70113
Telephone: 504-577-2500
Facsimile: 504-577-2562
sam@winstonbergeron.com
evan@winstonbergeron.com
jeigh@winstonbergeron.com
*Local Counsel for Defendant*
*Khalid Ahmed Satary*

Dated: May 6, 2022

## CERTIFICATE OF SERVICE

I certify that on May 6, 2022, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send a copy of the pleading to all parties via email.

/s/ *Richard W. Westling*
