UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 2:19-cr-00197 |
| v. | * | |
| | | SECTION: "D" (4) |
| KHALID AHMED SATARY | * | |

\* \* \*

## UNITED STATES' LIMITED REPLY MEMORANDUM

The United States of America, by and through undersigned counsel, respectfully files this Reply Memorandum solely to address the unfounded allegations of misconduct lodged in the Defendant and Labs' joint response to the government's motion regarding application of the crime-fraud exception (the "Response").[1] The government submits that the remaining issues can be resolved on the papers and through an *in camera* review of the documents, unless the Court requests additional information.

The Response observes that the Prosecution Team and the Filter Team's focus on the same 251 documents out of 25,000 on the privilege log "cannot possibly be a coincidence." Response at 1. This is true, but not for any of the nefarious reasons they suggest. The Filter Team was established in this case to review potentially privileged materials obtained during the government's investigation of the Defendant. The Filter Team has always been reliant on the Prosecution Team for facts about the investigation. Contrary to their suggestion, the Prosecution Team has never been "walled off" (Response at 1) from the Filter Team in the sense that the two groups can have no contact. Rather, there has been a one-way flow of information from the Prosecution Team to

---

[1] It bears noting that, despite all of the effort made by the Labs and Defendant to appear as distinct entities, their interests are consistently aligned, as it was in the Response. This is, of course, because the Labs were entities owned and controlled by Satary, with nominee owners listed in the Labs' corporate records and Medicare enrollment applications. All of the crimes that the government alleges Satary committed here were completed through each of his Labs.

3

the Filter Team regarding the facts in this case in order to enable the Filter Team to complete its work. The fact that the Prosecution Team has been in contact with the Filter Team is well known to the Defendant and Labs, who have participated in telephone calls and court conferences with representatives from both groups.

As cited in the Response, the Defendant and Labs' privilege logs contained a large number of privilege assertions—approximately 25,000 entries.[2] Rather than the Filter Team engaging in a line-by-line challenge of each of these often bare-bones privilege assertions—an exercise that would be nearly impossible given the inadequacy of many of the Defendants and Labs' privilege assertions and would unnecessarily drain resources of the Court and parties and likely take months, if not years, to resolve—the Prosecution Team told the Filter Team which documents it intended to challenge in its planned crime-fraud motion.[3] This was done only with reference to the privilege log entries for each document, and, of course, did not include review by the Prosecution Team of the underlying documents. The Prosecution Team suggested that that the Filter Team focus its energy on the same universe of records, again for efficiency of the entire proceedings against the Defendant. Doing so, the Prosecution Team believed, would keep the trial schedule intact rather than sidetracking the Court's attention on lengthy privilege log litigation.

The Response's allegation that the Prosecution Team reviewed the underlying records to identify the 251 documents at issue and file its crime-fraud motion is patently untrue. It is a speculative and offensive suggestion to make to this Court (and the public) about fellow members of the bar. Beyond the impropriety of the allegation, it is illogical. The government's case against

---

[2] These were contained in privilege logs that the Filter Team provided to the Prosecution Team, only after giving notice to the Defendant and Labs.
[3] Indeed, Defendant and Labs have complained about the costs they incur from their work on this case. *See e.g.*, Third Party Labs Motion for the Return of Property (D.E. 201) at 9n.5 (complaining about the "substantial financial burden" imposed on "Mr. Satary and the Labs"); Motion to Suppress (D.E. 199) at 9n.5.

4

the Defendant is based on tens of thousands of documents and at least a dozen cooperating witnesses. To think that the government would breach all of the protocols put in place over the years of this case's pendency solely to seek Court review and release of 251 documents under an applicable legal theory makes no sense. It is even more absurd to hypothesize that the government intimidated witnesses in order to induce an attorney to breach the ethical obligations owed to his or her own clients. The Court should summarily reject each of these improper and unfounded allegations.

    Respectfully submitted,

    DUANE A. EVANS
    UNITED STATES ATTORNEY
    EASTERN DISTRICT OF LOUISIANA

    JOSEPH S. BEEMSTERBOER
    ACTING CHIEF, FRAUD SECTION
    U.S. DEPARTMENT OF JUSTICE
    CRIMINAL DIVISION, FRAUD SECTION

    *s/Leslie S. Garthwaite*
    LESLIE S. GARTHWAITE
    ALEXANDER THOR POGOZELSKI
    JUSTIN WOODARD
    Trial Attorneys
    U.S. Department of Justice
    Criminal Division, Fraud Section
    (202) 631-6388 (Garthwaite)
    (202) 510-2208 (Pogozelski)
    (202) 262-7868 (Woodard)
    Leslie.Garthwaite@usdoj.gov
    Alexander.Pogozelski@usdoj.gov
    Justin.Woodard@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on December 22, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel of record.

                                                 *s/Leslie S. Garthwaite*
                                                 LESLIE S. GARTHWAITE
                                                 U.S. Department of Justice
                                                 Criminal Division, Fraud Section