UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 2:19-cr-00197** |
| **v.** | * | **SECTION: "D" (4)** |
| **KHALID AHMED SATARY** | * | |

\* \* \*

**UNITED STATES' RESPONSE TO DEFENDANT AND THIRD PARTIES' SUPPLEMENTAL MEMORANDUM REGARDING MOTION TO SUPPRESS (DKT. 199) AND MOTION FOR RETURN OF PROPERTY (DKT. 201)**

The United States of America, by and through undersigned counsel, respectfully submits this response memorandum to address Defendant Khalid Satary and Third Parties Alpha Medical Consulting, Inc., Clio Laboratories, LLC, Elite Medical Laboratories, Inc., GNOS Medical Inc., Lazarus Services, LLC, and Performance Laboratories, LLC's (the "Labs") supplemental memorandum (Dkt. No. 295) in support of the Defendant's motion to suppress (Dkt. No. 199) and the Labs' motion for the return of property (Dkt. No. 201).

The supplemental memorandum is replete with mischaracterizations of fact, and it provides no support whatsoever for the Defendant's motion to suppress or the Labs' motion for the return of property. As explained in the United States' opposition to those motions and below, those motions should be denied.

The Defendant and the Labs filed their respective motions on October 4, 2021, and the motions were fully briefed on October 27, 2021 (Dkt. No. 199, 201, 222). Nearly seven months later, the Defendant and Labs jointly filed this supplemental memorandum claiming to provide the Court with "new" information they deem relevant to the pending motions. But there is no "new" information. What the Defendant and the Labs characterize as "new" information is, in fact, nothing more than recent email correspondence and a court filing by the government's Filter Team

1

confirming that the United States is complying with court-approved discovery protocols that the Defendant and the Labs have long known about.[1]  In both instances, the Filter Team confirmed that, if and when duly-authorized pursuant to court-approved discovery protocols in all three cases and consistent with its process throughout this litigation, the Filter Team would release to the other defendants only "within-date-scope documents listed on Defendant Satary's and the Labs' [privilege] logs."   The Defendant and Labs take these routine acknowledgments regarding the Filter Team's handling of the search materials and attempt to misleadingly recast them as evidence that "the Government finally realizes it has seized materials outside the scope of [the] search warrants."  Supp. Memo., Dkt. No. 293-1, at 3.  That argument is wrong on the facts and the law.

First, the government specifically described this exact aspect of the Filter Team's handling of the search materials in its October 2021 response to the Defendant's and Labs' pending motions. In its response, the Prosecution Team provided a detailed procedural and factual background concerning the Filter Team's careful handling of the search warrant materials at issue.  As part of that background, the government noted that it had implemented a Filter Team in June 2019 – months prior to execution of the warrants – to (1) review search materials for items potentially protected by privilege, and (2) segregate any potentially protected material from the Prosecution Team.  *See* Government's Response, Dkt. No. 216, at 2-3.  The response continued: "As part of that process, the Filter Team limited what it reviewed to the dates specified in each search warrant." *Id.*, at 2-3.  To now claim that the Filter Team's recent confirmations regarding this same process represent "the first times the Government itself has admitted [to exceeding the scope of the search warrants]" is simply incorrect.

---

[1] The email correspondence and court filing come from two other genetic testing cases: *United States v. Fluitt*, 20-CR-00196-TAD (W.D. La.), and *United States v. Trotta*, 21-CR-60260-WILLIAMS (S.D. Fla.).

Second, the most recent filing by Defendant and the Labs does not dispute, and the record in any case demonstrates, that the Filter Team has released to the Prosecution Team only those materials that were (1) within the warrants' specified date ranges, and (2) either Non-PPM or otherwise authorized for release.  Thus, documents that only the Filter Team possesses, because they have not been released to the Prosecution Team – like the documents over which the Defendant and Labs claim privilege – are not in the possession of the Prosecution Team.  The Defendant and Labs cannot claim a Fourth Amendment violation and seek blanket suppression of all search materials based on documents the Prosecution Team does not even possess.[2]

Third, the Defendant and Labs have possessed all of the search warrant materials, as well as the warrants themselves, for nearly two years.[3]  In light of this, and the fact that the government's October 2021 response brief specifically described the process they now complain of, the Defendant and Labs can hardly claim any surprise or prejudice.  The Defendant and Labs' suggestion that the government lacked candor with this Court by failing to "notif[y] this Court" about documents the Defendant and Labs have possessed for years and that the Filter Team has segregated from the Prosecution Team is simply not true.

Finally, the Defendant and Labs conclude by repeating their baseless allegation that there is no conceivable way the Prosecution Team could have filed its crime-fraud motion without any knowledge of the contents of the privileged materials at issue.  In an attempt to support their

---

[2] This contention would be akin to arguing for blanket suppression of all search materials based on the Filter Team's possession of documents over which the Defendant and Labs have claimed privilege.

[3] Once again, as detailed in the government's October 2021 response, the Filter Team produced all the relevant search warrant materials to the Defendant and Labs in April 2020, more than two years ago, and the Prosecution Team subsequently produced the search warrant affidavits and attachments (noting the date range restriction) in June 2020.

allegation, the Defendant and Labs selectively quote from the Prosecution Team's limited reply brief to those allegations. The relevant portion of the government's limited reply brief in support of its crime-fraud motion is excerpted here:

> The Response's allegation that the Prosecution Team reviewed the underlying records to identify the 251 documents at issue and file its crime-fraud motion is patently untrue. It is a speculative and offensive suggestion to make to this Court (and the public) about fellow members of the bar. Beyond the impropriety of the allegation, it is illogical. The government's case against the Defendant is based on tens of thousands of documents and at least a dozen cooperating witnesses. To think that the government would breach all of the protocols put in place over the years of this case's pendency solely to seek Court review and release of 251 documents under an applicable legal theory makes no sense. **It is even more absurd to hypothesize that the government intimidated witnesses in order to induce an attorney to breach the ethical obligations owed to his or her own clients.** The Court should summarily reject each of these improper and unfounded allegations.

Government's Limited Reply Memo., Dkt. No. 239-2, at 4-5 (emphasis added).[4] The Defendant and Labs' supplemental memorandum selectively quotes a single sentence from the government's reply – bolded above – that addressed only the Defendant and Labs' allegation that, "given the not-so-thinly veiled threats of indictment against the former General Counsel of the Labs and her son, it also seems plausible that the Prosecution Team could have coerced the former General Counsel to betray the attorney-client privilege and her fiduciary obligations by providing assistance in identifying documents for the purpose of this motion." Def. and Labs' Joint Response to Crime-Fraud Motion, Dkt. No. 236, at 6.

The Defendant and Labs mischaracterize this one sentence – a response to a very specific and serious allegation that prosecutors "coerced the former General Counsel to betray the attorney-client privilege" – by writing that it is as a

---

[4] To make matters easier for the Court, the government attaches as Exhibits A - C to this response the relevant pleadings referenced here: the government's Crime-Fraud Motion, the Defendant and Labs' response to that motion, and the government's Limited Reply in support of its motion.

> *very specific and narrow* denial. It notably is not a denial that the Prosecution Team received information about the contents of privileged materials—it only denies that the Government 'intimidated' an 'attorney.' The Government does not deny that Victoria Nemerson, former counsel to Satary and the Labs, may have *voluntarily* disclosed privileged information to the Government. Nor does it foreclose the possibility that the Prosecution Team received this information from a non-attorney.

Def.'s and Labs' Supplemental Memorandum, Dkt. No. 293-1, at 3-4. As the full text of the government's limited reply brief and the excerpted portion above make clear, the government's response to the allegations included much more than that single-sentence response to the unfounded allegation that prosecutors "coerced" the Labs' former general counsel in an effort to secure access to 251 privileged documents. Having now expanded the scope of their allegation, the Prosecution Team categorically denies the accusation that Ms. Nemerson or a non-attorney "*voluntarily* disclosed privileged information to the Government."

As the October 2021 response demonstrates, the Prosecution Team and Filter Team have worked diligently and exceeded their legal obligations to protect the rights and privileges of the Defendant and Labs. The Court should reject each of these unfounded allegations and deny the Defendant's motion to suppress and the Labs' motion for return of property for the reasons stated in the government's response.

    Respectfully submitted,

    DUANE A. EVANS
    UNITED STATES ATTORNEY
    EASTERN DISTRICT OF LOUISIANA

    JOSEPH S. BEEMSTERBOER
    ACTING CHIEF, FRAUD SECTION
    U.S. DEPARTMENT OF JUSTICE
    CRIMINAL DIVISION, FRAUD SECTION

    /s/Alexander Thor Pogozelski

ALEXANDER THOR POGOZELSKI  
JUSTIN M. WOODARD  
MICHAEL CULHANE HARPER  
U.S. Department of Justice  
Criminal Division, Fraud Section  
(202) 510-2208 (Pogozelski)  
(202) 262-7868 (Woodard)  
(202) 445-9850 (Harper)  
Alexander.Pogozelski@usdoj.gov  
Justin.Woodard@usdoj.gov  
Michael.Harper@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel of record.

*s/Alexander Thor Pogozelski*  
ALEXANDER THOR POGOZELSKI  
U.S. Department of Justice  
Criminal Division, Fraud Section
