**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **Criminal No. 2:19-CR-00197** |
| **v.** | ) | |
| | ) | **Section "D"** |
| | ) | **Judge Wendy B. Vitter** |
| **KHALID AHMED SATARY,** | ) | |
| | ) | **Magistrate (4)** |
| **Defendant.** | ) | **Magistrate Judge Roby** |

**UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL TIMELY DISCLOSURE OF, AND DISCOVERY
REGARDING, ANY ADVICE OF COUNSEL DEFENSE**

NOW INTO COURT, comes the United States of America, through undersigned counsel, who respectfully submits this Motion to Compel Timely Disclosure of, and Discovery Regarding, Any Advice of Counsel Defense.  For the reasons set forth herein, this Honorable Court should compel defendant Khalid Ahmed Satary ("Defendant") to timely provide discovery regarding any defense of reliance on advice of counsel, or any good faith defense based on advice of counsel.  If such a defense were raised for the first time in the middle of trial, this Court would be forced to make immediate findings concerning the scope of the purported defense and the corresponding waiver of attorney-client privilege, and the government would likely have no meaningful opportunity to access the documents that previously had been protected by the attorney-client privilege without causing delay and an interruption in the proceedings.  To avoid unnecessary surprise for the Court and counsel during trial, and to promote an efficient presentation of the evidence, the United States requests that this Court order Defendant to produce discovery related to any advice of counsel defense, or any good faith defense premised on advice of counsel, or alternatively disclaim any intent to rely on those defenses, no later than Defendant's reciprocal discovery deadline of July 11, 2022.

## BACKGROUND

Defendant was charged by Indictment on September 26, 2019.  As early as October 18, 2019, the United States began requesting reciprocal discovery from Defendant.  On June 1, 2022, counsel for the United States inquired of counsel for Defendant regarding Defendant's intent to assert an advice of counsel defense at trial.  On the same date, counsel for Defendant responded that "Mr. Satary has not made any final decisions regarding ultimate trial strategy, and will do so only when he is required by law to do so."

The trial is currently set for August 1, 2022, less than two months from now.  Because an advice of counsel defense alters the legal landscape and requires highly fact-specific findings concerning the scope of the defense and any corresponding waiver of attorney-client privilege, pretrial consideration of this issue is warranted by the Court.

## LAW AND ARGUMENT

The Indictment charges Defendant with various offenses, including conspiracy to commit health care fraud.  Some of the offenses charged in the Indictment require the government to prove that Defendant acted "willfully," that is, acted "voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law."  5TH CIR. CRIM. PATTERN JURY INSTR. § 1.43.  Where "willfulness" is at play, a defendant can potentially assert that he relied on advice of counsel in committing the acts that form the basis for the charges, and therefore believed his conduct was lawful.  *See, e.g., United States v. Ragsdale*, 426 F.3d 765, 778 (5th Cir. 2005) ("The advice of counsel defense is only applicable where it may negate willful violation of the law.").  "Strictly speaking, good faith reliance on advice of counsel is not really a defense to an allegation of fraud but is the basis for a jury instruction on whether or

not the defendant possessed the requisite specific intent." *United States v. Carr*, 740 F.2d 339, 346 n.11 (5th Cir. 1984).

It is well settled in the Fifth Circuit that the attorney-client privilege was intended as a shield, not a sword. *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989). When a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege. *Willy v. Admin. Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005). It follows that a defendant who asserts an advice of counsel defense waives the attorney-client privilege as to the subject matter of that advice. *See, e.g.*, *Conkling*, 883 F.2d at 434-35 (holding that where the defendants raised a defense based on the statute of limitations and the plaintiff responded with a tolling argument based on his lack of knowledge, the plaintiff had placed his knowledge at issue, and the defendants were entitled to depose the plaintiff's attorney about the timing and extent of the plaintiff's knowledge about his claim); *United States v. Jensen*, 573 F. App'x 863, 870 (11th Cir. 2014) ("By claiming that [he] lacked intent to defraud because attorneys told him that [the disputed] transactions were legal, [the defendant] waived the attorney-client privilege with respect to communications with counsel concerning [their] legality."); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[T]he privilege may implicitly be waived when a defendant asserts a claim that in fairness requires examination of protected communications."). A criminal defendant's "testimony that he thought his actions were legal . . . put[s] his knowledge of the law and basis for his understanding of what the law required in issue." *Bilzerian*, 926 F.2d at 1292; *see also Apex Mun. Fund v. N-Group Securities*, 841 F. Supp. 1423, 1431-32 (S.D. Tex. 1993) (Where party inserted its understanding of the law as a basis for the reasonableness of its actions, the attorney-client privilege was deemed waived with respect to those topics.).

3

A party raising an advice of counsel defense "must permit discovery of any and all legal advice rendered on the disputed issue." *Inmuno Vital v. Telemundo*, 203 F.R.D. 561, 564 (S.D. Fla. 2001); *accord Apex Mun. Fund*, 841 F. Supp. at 1434. Failure to allow such discovery requires the "exclusion of any evidence" of said defense. *Inmuno Vital*, 203 F.R.D. at 564; *see also Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F. Supp. 891, 894 (S.D.N.Y. 1990) ("A party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery; failure to do so constitutes a waiver of the advice-of-counsel defense.").

In addition, for an advice of counsel defense to be presented at trial, such advice must have been given on full disclosure of all of the facts, and the advice must have been followed in good faith. *See United States v. Thaggard*, 477 F.2d 626, 632 (5th Cir. 1973); *Carr*, 740 F.2d at 347. When assessing whether a defendant's reliance upon advice of counsel was in good faith, a fact finder may consider: (1) whether the defendant sought the advice of a competent attorney concerning the material fact allegedly omitted or misrepresented; (2) whether the defendant gave his attorney all of the relevant facts known to him at the time; (3) whether the defendant received an opinion from his attorney; (4) whether the defendant believed the opinion was given in good faith; and (5) whether the defendant reasonably followed the opinion. *United States v. Peterson*, 101 F.3d 375, 381 n.4 (5th Cir. 1996). The defense does not apply where a defendant understands the wrongful purpose of his conduct before seeking the advice of counsel. *Carr*, 740 F.2d at 347.

Moreover, if the advice of counsel did not predate the fraudulent conduct, such advice cannot form a proper basis of a good faith reliance on advice of counsel defense. *See Elso v. United States*, No. 07-21313-CV, 2012 WL 1890715, at *13 (S.D. Fla. May 24, 2012) ("The clear meaning of a good faith reliance defense on the advice of counsel is that *prior* to committing the offense, the defendant sought the advice of an attorney, and, after disclosure of all the relevant

facts, counsel advised that the proposed course of action would not violate the law.") (emphasis in original).  A district court may also decline to provide an advice of counsel instruction where a defendant claims to have relied on the advice of an attorney co-conspirator.  *See United States v. Miles*, 290 F.3d 1341, 1354 (11th Cir. 2002) (finding that the attorney acted as the defendant's co-conspirator in the transaction, not as the defendant's attorney, and that, therefore, the defendant was not entitled to a good faith reliance instruction, and the district court did not abuse its discretion in failing to instruct the jury on this defense."); *see also Carr*, 740 F.2d at 347 ("When the lawyer is a partner in a venture, takes a share of the profits, or is not a lawyer who had no interest save to give sound advice for a reasonable fee the advice of counsel defense is unavailable." (internal quotations omitted)).

Of course, like any jury instruction, a defendant is only entitled to an advice of counsel instruction, or a good faith instruction, if it is supported by the law and by some evidence in the record.  *Peterson*, 101 F.3d at 381.  A court may properly decline to give such an instruction "if it lacks evidentiary support or is based upon mere suspicion or speculation."  *United States v. Condon*, 132 F.3d 653, 656 (11th Cir. 1998); *see also United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017) (holding that an advice of counsel instruction is only warranted "if there are sufficient facts in the record to support the defense"; "[t]here must be evidence such that a reasonable juror could find that the defendant 'honestly and in good faith sought the advice of counsel,' 'fully and honestly laid all the facts before his counsel,' and 'in good faith and honestly followed counsel's advice.'").

If legal opinion evidence is used to establish the defense of good faith based on the advice of counsel, specific issues of relevance arise.  *United States v. Impastato*, 535 F. Supp. 2d 732, 740 (E.D. La. 2008).  These issues involve whether the legal opinion actually addressed the crimes

alleged, and further whether the advice of counsel defense negates the relevant *mens rea* of the crimes alleged in the indictment. *Id.*

It follows that the attorney-client privilege may implicitly be waived when a defendant does not formally assert a defense of reliance on advice of counsel, but asserts a claim that in fairness requires examination of protected communications. *See*, *e.g.*, *Bilzerian*, 926 F.2d at 1292-94 (testimony as to good faith based on legal advice would require waiver of the attorney-client privilege, as "the jury would be entitled to know the basis of his understanding that his actions were legal"); *United States v. Exxon Corp.*, 94 F.R.D. 246, 249 (D.D.C. 1981) (claim of good faith reliance on governmental representations waived attorney-client privilege); *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975) (assertion of qualified immunity defense waived attorney-client privilege). The waiver principle is relevant to potential testimony regarding Defendant's belief that his actions were legal, as such testimony puts at issue Defendant's knowledge of the law and the basis for his understanding of what the law requires. *Bilzerian*, 926 F.2d at 1292. Defendant's conversations with counsel regarding the legality of his schemes would then be directly relevant in determining the extent of his knowledge and, as a result, his intent. *Id.*

Rule 16 of the Federal Rules of Criminal Procedure imposes reciprocal discovery obligations on defendants. Specifically, Rule 16(b)(1)(A) provides that, where the government complies with a defendant's request for disclosure under Rule 16(a)(1)(E), a defendant "must permit" the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, and tangible objects in a defendant's possession, custody, or control that the defendant "intends to use . . . in [his] case-in-chief at trial."

Although the Federal Rules of Criminal Procedure do not specifically require defendants to provide pretrial notice of an advice of counsel defense, or as to a good faith defense premised

upon advice of counsel, courts have broad discretion to impose notice and disclosure requirements outside the rules. *See United States v. Armstrong*, 517 U.S. 456, 474 (1996) ("[Rule 16] is intended to prescribe the minimum amount of discovery . . . [not] to limit the judge's discretion to order broader discovery." (citation omitted)); *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018) (finding that courts have broad inherent authority to order notice and discovery of any advice of counsel defense outside Rule 16).

As previously discussed, if a good faith defense based on legal advice is raised, the defendant must waive the privilege and the government is entitled to discovery on the issue. To avoid unnecessary trial delays, courts frequently set pretrial briefing schedules to determine the scope and validity of the defense before trial. *United States v. Dallman*, 433 F. Supp. 3d 804, 812 (E.D. Va. 2020) ("The majority of district courts that have considered the question have sensibly exercised their inherent authority to impose a pretrial notice and discovery requirement regarding the advice-of-counsel defense." (collecting cases)).

Given the implications of asserting an advice of counsel defense, numerous courts have ordered defendants to provide reasonable pretrial notice to the court and counsel of their intent to assert the defense. *See, e.g.*, *United States v. Crowder*, 325 F. Supp. 3d 131 (D.D.C. 2018). In *Crowder*, the district court granted a similar pretrial motion seeking notice and disclosure of a defendant's advice of counsel defense, reasoning as follows:

> The Court finds the rationale for requiring such pretrial notice and disclosure persuasive. Defendants' decision on whether to assert the advice-of-counsel defense may impact the scope of discovery otherwise permitted or ordered, and thus risks unnecessary interruption and delay if asserted at trial. Moreover, because an advice-of-counsel defense is complex it may raise issues requiring additional briefing before trial.

*Id.* at 138 (alterations, quotation marks, and internal citations omitted).

Likewise, in this same district court, in *United States v. Crinel*, No. 15-61, 2016 WL 6441249 (E.D. La. Nov. 1, 2016), the government moved *in limine* approximately five months before trial to preclude the defendant from raising an advice of counsel defense because the defendant had not waived privilege and disclosed relevant attorney-client communications.  The court denied the request for five months' notice, but observed that an advice of counsel defense raised complex questions concerning the applicability of the defense and any related waiver of attorney-client privilege, and therefore found it to be "in the interest of justice to address this issue pre-trial in the event any Defendant intend[ed] to raise advice of counsel as a defense."  *Crinel*, 2016 WL 6441249, at *12.  The court ordered "any Defendant who wish[ed] to put forth the defense of reliance on the advice of counsel" to file a motion approximately one month before trial "establishing his right to invoke the advice of counsel defense and requesting that the Court hold an evidentiary hearing if necessary."  *Id.*; *see also Impastato*, 535 F. Supp. 2d at 741 ("Should the Defendant seek to put forth the defense of reliance on the advice of counsel, the Court will require briefing on the issue of the availability of this defense prior to trial"); *United States v. Barreiro*, No. 13-CR-00636-LHK-1, 2015 WL 10381741 (N.D. Cal. Dec. 2, 2015) (ordering the defendants to proffer "anticipated advice of counsel defense testimony and exhibits" and an explanation about whether "the attorney-client privilege and work product doctrine are or are not implicated and waived" approximately seven weeks before trial).

Given the complexity of the instant case, this Court should follow the majority of the courts considering the issue and exercise its authority to require pretrial discovery of any evidence that may be relevant to an advice of counsel defense, or a good faith defense premised on advice of counsel.  Allowing Defendant to press forward without disclosure would permit Defendant to use his purported reliance on advice of counsel as a sword rather than a shield.  If an advice of counsel

defense, or a good faith defense premised upon advice of counsel, is first asserted at trial, through testimony or otherwise, Defendant may be required to produce a significant number of documents previously withheld, and the United States will require time to review those records, as well as to interview witnesses and perhaps seek additional discovery.  This would obviously result in a substantial delay with a sitting jury.  But, if Defendant is permitted to assert this defense, or elicit testimony regarding counsel's advice, while withholding relevant material, it would violate the long-standing maxim that the "attorney-client privilege cannot at once be used as a shield and a sword." *Bilzerian*, 926 F.2d at 1292.

The United States therefore moves for an order that Defendant disclose, no later than the date of Defendant's reciprocal discovery deadline, i.e. by July 11, 2022, the following information: (1) whether Defendant intends to assert an advice of counsel defense at trial; (2) if so, the name(s) of the attorney(s) on whose advice he relied, all statements of that attorney(s), and all summaries of interviews with that attorney(s); (3) all statements, correspondence, and memoranda directed to that attorney(s) on behalf of Defendant detailing the facts on which the attorney(s) relied in order to render legal advice; (4) the identities of all witnesses who will testify in support of that defense, all statements of those witnesses, and all summaries of interviews of those witnesses; and (5) all other materials relevant to the assertion of the defense, whether supportive of Defendant's case or not.  The United States further moves this Court to preclude any testimony of any witness on this subject not disclosed in response to that order.

Such notice will give this Court an opportunity to make findings about the validity and scope of the proffered defense and the potential waiver of attorney-client privilege.  The July 11, 2022 deadline will also give the United States the opportunity to review communications that may no longer be privileged as a result of the assertion of an advice of counsel defense, speak to and

subpoena additional potential witnesses (such as Defendant's present or former attorneys), and possibly add exhibits and witnesses to the United States' case-in-chief.   Importantly, requiring notice of an advice of counsel defense and production of related discovery by July 11 results in no prejudice to Defendant.  At this point, Defendant is well aware of the government's theory of the case and the categories of evidence that the government intends to present at trial and may therefore anticipate with reasonable certainty the conduct that could potentially implicate the advice of counsel defense.  Compelling disclosure by the reciprocal discovery deadline, as opposed to waiting for Defendant to assert the defense for the first time in the middle of trial, does nothing to impede Defendant's right to present an adequate defense.

## CONCLUSION

For the foregoing reasons, this Court should grant the United States' Motion to Compel Timely Disclosure of, and Discovery Regarding, Any Advice of Counsel Defense and order that Defendant be required to provide notice of whether he intends to raise an advice of counsel defense, and provide discovery relevant to that defense, no later than the Defendant's reciprocal discovery deadline of July 11, 2022.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF LOUISIANA

JOSEPH S. BEEMSTERBOER
ACTING CHIEF
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

By:   /s/ *Justin M. Woodard*
JUSTIN M. WOODARD
ALEXANDER THOR POGOZELSKI
MICHAEL CULHANE HARPER
Trial Attorneys

10

United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20530
Tel: (202) 262-7868
E-Mail: Justin.Woodard@usdoj.gov

## CERTIFICATE OF COMPLIANCE WITH LOCAL CRIMINAL RULE 12

Pursuant to Local Criminal Rule 12, the Government conferred with counsel for Defendant, who advised that they oppose this motion.

## CERTIFICATE OF SERVICE

I, Justin M. Woodard, hereby certify that on June 6, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Justin M. Woodard*
Justin M. Woodard
Trial Attorney

11