IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>   Plaintiff, | : <br> : <br> : | Criminal No. 2:19-cr-00197 <br><br> Section "D" |
| vs. | : <br> : | Judge Wendy B. Vitter |
| KHALID AHMED SATARY,<br>   Defendant. | : <br> : | Magistrate (4) <br> Magistrate Judge Roby |

**SATARY'S RESPONSE OPPOSING MOTION FOR EARLY DISCLOSURE OF ADVICE OF COUNSEL DEFENSE AND ASSOCIATED DISCOVERY**

Pursuant to E.D. La. R. 7.5, Defendant Khalid A. Satary opposes the Government's "motion to compel timely disclosure of, and discovery regarding, any advice of counsel defense." [Doc. 307]. To support his position that the Government's motion is both untimely and unsupported by any controlling authority, Satary shows the following:

**ARGUMENT AND CITATIONS TO AUTHORITY**

**I.  The Government's untimely and unsupported motion improperly seeks to augment Satary's discovery obligations far beyond the scope of Fed. R. Crim. P. 16.**

As the Government concedes, "[t]he Federal Rules of Criminal Procedure do not specifically require that a defendant provide pretrial notice of an advice-of-counsel defense." [Doc. 307-1 at 6]; *accord* United States v. Dallmann, 433 F. Supp. 3d 804, 811 (E.D. Va. 2020). The Government's motion – which primarily sets out general principles on a trial defense that Satary has not yet raised – fails to cite any binding precedent from the Fifth Circuit for its novel request.  *See generally* [Doc. 307]; *see also* United States v. Espy, 1996 WL 560354 (E.D. La. Oct. 2, 1996) ("there is no case law to support [the Government's] proposition that a defendant must notify the Government if he intends to rely on the advice of counsel defense."). Given the absence of controlling authority for a remedy that is uncontrovertibly beyond the scope of Rule

1

16, "the Government's motion is best construed as a request entirely within the Court's discretion." United States v. Alessa, 561 F. Supp. 3d 1042, 1049 (D. Nev. 2021).[1] That discretion is not appropriately exercised here.

At the outset, the Government's motion is untimely. [Doc. 252 at 2] (setting January 10, 2022, pretrial motion deadline). Based on the Government's discovery (showing that the FBI executed warrants on the office of the general counsel for the labs), the Government has long known that advice of counsel was a potential, available defense. The Government has waited two years to file a motion on an issue it has undoubtedly anticipated since the indictment, and even before. Accordingly, the Government cannot now show "good cause" to excuse the untimely filing and this Court is consequently barred from consideration of the merits of this late motion. *See* United States v. Lopez, 2021 WL 2267455, at *3-4 (N.D. Tex. 2021) (citing United States v. Williams, 774 F. App'x 871 (5th Cir. 2019)).

While the Government may argue that its motion is "*in limine*," the motion to compel does not constitute a "motion *in limine*" under this Court's amended scheduling order because the motion does not "address[] objections to exhibits[.]" [Doc. 292 at 2]; *cf.*, Vaughn v. Hobby Lobby Stores, Inc., 539 F. Supp. 3d 577, 582 (W.D. La. 2021) ("A motion *in limine* is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely

---

[1] In Alessa, a district court in Nevada denied a motion identical to the Government's here. Rejecting the same cases presented by the Government's motion, that district court explained: "[o]ther than a seemingly arbitrary, unspecified sentiment about when a proper defense must be formulated, the Court does not know why a criminal defendant must decide what defense (if any) to pursue in advance of trial or risk losing the option altogether." Id. (quoting United States v. Wilkerson, 388 F. Supp. 3d 969, 975 (E.D. Tenn. 2019)). Wilkerson and Alessa are recent cases, conveniently omitted by the Government, that undermine the reasoning of the older cases cited in its motion.

motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.").

On the merits, Federal Rule of Criminal Procedure 16 provides that statements to the defendant or the defendant's attorney by "a prospective Government or defense witness[]" are "[n]ot subject to disclosure." Fed. R. Crim. P. 16 (b) (2) (B) (iii). The Government's citation to Rule 16's subsection (a) is irrelevant because the material the Government seeks to compel is not photographs, books, or tangible objects. Fed. R. Crim. P. 16 (a) (1) (E). To be sure, the Government's argument is premised solely upon convenience—Rule 16 has *never* compelled a criminal defendant to waive the attorney-client privilege in anticipation of trial and explicitly signal whether they will employ a specific trial defense.

The Government's brief omits recent opinions that have denied the same relief and illuminated significant flaws in the Government's position. *See e.g.*, United States v. Wilkerson, 388 F. Supp. 3d 969 (E.D. Tenn. 2019). In Wilkerson, a district court in the Eastern District of Tennessee denied a Government motion for the same relief. Id. at 972. Wilkerson similarly involved allegations of health care fraud and kickbacks, though in the context of topical cream prescriptions that were billed to TRICARE. Id. at 971. The Wilkerson analysis noted that Rule 16's text did not support the request and gave multiple reasons for its decision, including the potential for unconstitutional infirmities. Each of these reasons apply here with equal force.

*1.     The Government chose to initiate a criminal prosecution, rather than a civil action.*

The Government has a choice to pursue fraud via either a civil or criminal action. In Wilkerson, the Court noted that the Government's election for criminal prosecution of fraud carried with it the consequence of less favorable discovery parameters. Unlike a civil action, Satary was not required to plead an "answer" with affirmative defenses to the indictment and,

contrary to the Government's argument, advice of counsel is not an affirmative defense.[2]  Id. at 973 ("Rather, an advice of counsel defense merely negates an element of criminal fraud—i.e., "unlawful intent."); *see also* United States v. Scully, 877 F.3d 464 (2d Cir. 2017); *see also* United States v. Greenspan, 923 F.3d 138, 147 (3d Cir. 2018).

Advice-of-counsel (or reliance on advice of counsel) is not enumerated within the affirmative defenses that require advance notice under the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 12.1, 12.2, 12.3.  Likewise, the scope of discovery in a civil action is distinguishable—civil discovery is broader. *Cf.*, Fed. R. Civ. P. 26 (b) (1).  As Wilkerson noted, criminal prosecution "implicates a whole host of constitutional concerns that are nonexistent in the civil context." Id. at 973.  Those constitutional concerns prohibit compelling a criminal defendant to disclose anything without the imposition of reciprocal discovery rights. Wardius v. Oregon, 412 U.S. 470, 476 (93 S.Ct. 2208) (1973).  And here, the Government's demand – that Satary designate his defense prior to trial – is not reciprocal.

> 2. *Any expansion of Satary's discovery obligations should have been done prior to his requesting and the Government providing its discovery information.*

As in Wilkerson, the Government here "has already made its disclosures under Rule 16" upon Satary's request.  Id. at 974; *see generally* [Doc. 45].  "Assuming a court has the power to expand a defendant's obligations under Role 16, it should be ordered before – not after – the

---

[2] The Wilkerson opinion agreed with the Second Circuit's understanding of the defense (negate criminal intent). In Scully, the Second Circuit explained: "[T]he claimed advice of counsel is evidence that, if believed, can raise a reasonable doubt in the minds of jurors about whether the Government has proved the required element of the offense . . . ." 877 F.3d at 476.  The burden of proof thus does not shift or diminish when a defendant raises the defense, and courts have stricken jury instructions that indicate the defendant must "avail himself" of the advice of counsel defense, Greenspan, 923 F.3d at 147, or "satisfy" certain elements to "establish" the defense. Scully, 877 F.3d at 477.

defendant has voluntarily subjected himself to disclosure under that rule. [Simply stated, a], Court should not alter the terms of the deal once the defendant enters into it." 388 F. Supp. 3d at 974.

Reciprocal discovery does not "require [Satary] to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the [Government]." United States v. Booker, No. 1:22-cr-255-TWT, 2012 WL 1458009, at *2 (N.D. Ga. Mar. 12, 2012) (quoting Wardius, 412 U.S. at 472). Here, discovery has been ongoing for over two years, [Doc. 45], and the Government's request is not reciprocal. "[I]t is not the Court's role to assist the Government in conjuring up some reciprocal arrangement to make an otherwise unconstitutional demand constitutional[.]" Wilkerson, 388 F. Supp. 3d at 974.

Contrary to the Government's argument, there is no consensus on this issue—other district courts before Wilkerson raised problems with compelling a defendant to produce discovery beyond the bounds of Rule 16. *See* United States v. Meredith, No. 3:12-cr-143-S, 2014 WL 897373, at *1 (W.D. Ky. Mar. 5, 2014) (denying Government request to require defendant to disclose an advice of counsel defense and finding that Government provided no authority to compel pretrial disclosure beyond the bounds of Rule 16); *see also* Espy, 1996 WL 560354, at *1 (same, noting that Fifth Circuit precedent made "no mention" that a defendant must notify the Government of his intention to assert the advice of counsel defense).

The Government asks the Court to compel early discovery even if Satary's trial defense will ultimately *not* be advice of counsel, but instead "good faith." But the three district court cases it cites do not support the Government's position.[3] First and foremost, neither Dallmann, United

---

[3] The Government's citation to United States v. Bilzerian, 926 F.2d 1285 (2d Cir. 1991) is inapposite because that case dealt with the district court's decision to find waiver of the attorney-client privilege based on the defendant's trial testimony. Bilzerian did not consider the

States v. Crowder, 325 F. Supp. 3d 131 (D.D.C. 2018), nor United States v. Crinel, No. 15-61, 2016 WL 6441249 (E.D. La. Nov. 1, 2016) considered "a good faith defense" at all.  *Cf.*, [Doc. 307-1 at 6-7].  Rather, these cases were limited to the reliance on advice of counsel defense.  Standing alone, the absence of any authority for early disclosure in connection with a good faith defense (half of the Government's request) severely narrows the disputed issue for this Court to decide.

Considering the Government's citations with an eye to the advice-of-counsel defense, these cases do not engage, much less overcome, the problems raised by the Wilkerson court.[4]  While the Dallmann and Crowder courts ordered the defendant to provide early election of the advice-of-counsel defense and reciprocal discovery, those Courts did not force the defendant to do so *months* prior to trial—the deadline was ten days.[5]  Notably, none of the opinions cited by the Government consider the text of Fed. R. Crim. P. 16 (b) (2) (B) (iii), nor did they engage the constitutional reciprocity issues identified by the Wilkerson Court.

Therefore, assuming it reaches the merits, this Court, like the district court in Alessa, should follow the persuasive Wilkerson analysis over Dallmann and Crowder and deny the Government's motion.  *See* Alessa, 561 F. Supp. 3d at 1049 ("Other than a seemingly arbitrary, unspecified sentiment about when a proper defense must be formulated, the Court does not know

---

Government's argument that a criminal defendant can be compelled to elect and disclose his trial defense weeks prior to trial, with an accelerated reciprocal discovery deadline.

[4] Crinel acknowledged other civil cases within the Fifth Circuit holding that "it would be unfair to preclude the Defendant from offering at trial evidence of its advice-of-counsel defense simply because the Plaintiff did not obtain information about that defense during discovery." Texas Advanced Optoelectronic Sols., Inc. v. Intersil Corp., 2015 WL 11181563, at *1 (E.D. Tex. Feb. 9, 2015).  The Crinel order also noted that advice-of-counsel is not one of the defenses, objections, or requests that must be raised before trial under Fed. R. Crim. P. 12 (b) (3).  2016 WL 6441249, at *11.

[5] At the time of this filing, the specially set trial date is January 17, 2023.  [Doc. 314].

6

why a criminal defendant must decide what defense (if any) to pursue in advance of trial or risk losing the option altogether."). This convenience-based motion must be denied.

## CONCLUSION

For the foregoing reasons, Satary respectfully requests this Court to **DENY** the Government's untimely motion.

This 29th day of June, 2022.

    Respectfully submitted,

*/s/ Scott R. Grubman*
Scott R. Grubman (Ga. Bar #317011)
(admitted pro hac vice)
**CHILVIS GRUBMAN**
1834 Independence Square
Atlanta GA 30338
Telephone: (404) 233-4171
sgrubman@cglawfirm.com
*Trial Attorney for Defendant*
*Khalid Ahmed Satary*


*/s/ Samuel H. Winston*
Samuel H. Winston (La. Bar #34821)
Evan J. Bergeron (La. Bar #33725)
Jeigh L. Britton (La. Bar #39820)
WINSTON BERGERON, LLP
1700 Josephine Street
New Orleans, Louisiana 70113
Telephone: (504) 577-2500
Facsmile: (504) 577-2562
sam@winstonbergeron.com
evan@winstonbergeron.com
jeigh@winstonbergeron.com
*Local Counsel for Defendant*
*Khalid Ahmed Satary*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June, 2022, a copy of the foregoing RESPONSE was served by electronic means through the Court's CM/ECF system on all counsel of record.

*/s/ Scott R. Grubman*
Scott R. Grubman

*/s/ Samuel H. Winston*
Samuel H. Winston