UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

                         Criminal Action No. 19-197
VS.                    Section "D"(4)
                         New Orleans, Louisiana
                         August 10, 2022

KHALID AHMED SATARY
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TRANSCRIPT OF MOTION HEARING
HEARD BEFORE THE HONORABLE KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE GOVERNMENT:     Justin M Woodard
                         U.S. Department of Justice
                         Criminal Fraud Section
                         1400 New York Avenue, NW, 4th Floor
                         3rd Floor
                         Washington, DC 20005

FOR THE DEFENDANT:      Matthew Kyle Winchester
                         Law Offices of Matthew K.
                         Winchester, LLC
                         1800 Peachtree Street, NW
                         Suite 300
                         Atlanta, GA 30327

                         Scott R Grubman
                         Chilivis Grubman, LLP
                         1834 Independence Square
                         Atlanta, GA 30338

Amanda R. Clark-Palmer
Garland, Samuel & Loeb, PC
3151 Maple Drive
Atlanta, GA 30062


Jeigh Lynn Britton
Winston Bergeron, LLP
1700 Josephine St.
New Orleans, LA 70113

Official Court Reporter:     Nichelle N. Wheeler, RMR, CRR
                             500 Poydras Street, B-275
                             New Orleans, Louisiana 70130
                             (504) 589-7775

     Proceedings recorded by mechanical stenography,
transcript produced via computer.

**1** <u>**P R O C E E D I N G S**</u>

11:01:08AM **2**          (Call to order of the court.)

11:01:08AM **3**          THE COURT:  There's only one matter on the docket.

11:01:11AM **4** It is *United States of America v. Khalid Ahmed Satary.*

11:01:14AM **5**          Counsel, make your appearance for the record.

11:01:16AM **6**          MR. WOODARD:  Good morning, Your Honor, Justin

11:01:18AM **7** Woodard for the United States.

11:01:20AM **8**          MS. BRITTON:  Good morning, Your Honor, Jeigh

11:01:22AM **9** Britton, local counsel for Mr. Satary.

11:01:23AM **10**          MR. WINCHESTER:  Kyle Winchester for Khalid Satary.

11:01:26AM **11**          THE COURT:  All right.  This is the government's

11:01:28AM **12** motion, yes?

11:01:29AM **13**          MR. WOODARD:  Yes, Your Honor.

11:01:30AM **14**          THE COURT:  All right.  You can proceed.

11:01:32AM **15**          MR. WOODARD:  Okay.  Where do you prefer me, Your

11:01:35AM **16** Honor?

11:01:35AM **17**          THE COURT:  (Indicating.)

11:01:36AM **18**          MR. WOODARD:  Okay.  Thank you.

11:01:39AM **19**          THE COURT:  And you can take your mask off when you

11:01:41AM **20** are at the podium.  Thank you.

11:01:44AM **21**          MR. WOODARD:  All right.  Thank you, Your Honor.

11:01:45AM **22**          The government in its motion is requesting that the

11:01:48AM **23** court, in its broad discretion and other courts in this

11:01:52AM **24** district have done, set a reasonable pretrial deadline for

11:01:56AM **25** the defendant to declare whether he intends to assert an

| | | |
|---|---|---|
| 11:02:00AM | 1 | advice of counsel defense. |
| 11:02:01AM | 2 | I believe the Court may be familiar with this case. |
| 11:02:04AM | 3 | It's a voluminous case, a large case with longstanding |
| 11:02:07AM | 4 | conspiracy allegations, a lot of evidence. |
| 11:04:22AM | 5 | THE LAW CLERK:  No one can hear anything on the Zoom. |
| 11:04:22AM | 6 | (Recess taken to resolve technical difficulties.) |
| 11:10:53AM | 7 | (In open court.) |
| 11:11:06AM | 8 | MR. WOODARD:  May I proceed, Your Honor? |
| 11:11:07AM | 9 | THE COURT:  You may. |
| 11:11:09AM | 10 | MR. WOODARD:  Okay.  Thank you. |
| 11:11:10AM | 11 | THE COURT:  Sure. |
| 11:11:10AM | 12 | MR. WOODARD:  Again, we're asking the Court in its |
| 11:11:13AM | 13 | broad discretion to set a deadline pretrial for -- |
| 11:11:17AM | 14 | THE LAW CLERK:  I think you are going to have to |
| 11:11:21AM | 15 | use -- |
| 11:11:22AM | 16 | THE COURT:  The middle one is not working. |
| 11:11:22AM | 17 | THE LAW CLERK:  On Zoom they're saying they can't |
| 11:11:27AM | 18 | hear the podium. |
| 11:11:28AM | 19 | MR. WOODARD:  I'll just speak real close into this |
| 11:11:30AM | 20 | one.  Technology, Your Honor. |
| 11:11:32AM | 21 | THE COURT:  Yep, doesn't always work. |
| 11:11:35AM | 22 | MR. WOODARD:  That's right. |
| 11:11:35AM | 23 | Okay.  As I was saying, Your Honor, this is a large |
| 11:11:38AM | 24 | case with voluminous discovery.  Several search warrants were |
| 11:11:43AM | 25 | executed and the defendant had retained in-house counsel at |

| | | |
|---|---|---|
| 11:11:47AM | 1 | his lab operations.  The Court may be familiar with some of |
| 11:11:51AM | 2 | the pretrial litigation involving privilege logs in this case |
| 11:11:52AM | 3 | and things of that nature and may recall that there were a |
| 11:11:55AM | 4 | large number of privilege assertions by the defendant in this |
| 11:11:57AM | 5 | case. |
| 11:11:58AM | 6 | The reason I raised that is it shows the extent of |
| 11:12:01AM | 7 | this issue were it to come up in the middle of trial where |
| 11:12:05AM | 8 | the law requires the defendant, if he chooses to rely on an |
| 11:12:12AM | 9 | advice of counsel defense, to waive privilege and produce |
| 11:12:15AM | 10 | discovery regarding documents it intends to use in his |
| 11:12:19AM | 11 | case-in-chief at trial.  And that's -- the law says the party |
| 11:12:26AM | 12 | waives the attorney-client privilege with respect to all |
| 11:12:30AM | 13 | communications, not just those -- |
| 11:12:30AM | 14 | THE COURT:  What law are you reading? |
| 11:12:32AM | 15 | MR. WOODARD:  I'm citing an Eastern District case. |
| 11:12:35AM | 16 | THE COURT:  Which case? |
| 11:12:36AM | 17 | MR. WOODARD:  This is *In Re:  Taxable Municipal Bond* |
| 11:12:41AM | 18 | *Securities Litigation*.  Would you like the citation, Your |
| 11:12:45AM | 19 | Honor? |
| 11:12:45AM | 20 | THE COURT:  Uh-huh. |
| 11:12:46AM | 21 | MR. WOODARD:  1993 Westlaw 323069. |
| 11:12:54AM | 22 | THE COURT:  Print that, Jayde. |
| 11:12:54AM | 23 | Go ahead. |
| 11:12:57AM | 24 | MR. WOODARD:  And it says, Your Honor, "Where a party |
| 11:12:59AM | 25 | asserts reliance on advice of counsel, that party waives the |

11:13:03AM  1    attorney-client privilege with respect to all communications,

11:13:08AM  2    even documents that the defense" --

11:13:11AM  3            THE COURT:  That's concerning the advice only?

11:13:13AM  4            MR. WOODARD:  Yes, Your Honor.

11:13:14AM  5            THE COURT:  A limited waiver?

11:13:15AM  6            MR. WOODARD:  Yes.  Oh, yes.  Correct.  Yes, Your

11:13:17AM  7    Honor.

11:13:17AM  8            THE COURT:  Uh-huh.  But if I recall, based on what

11:13:21AM  9    I've read, I don't think Mr. Satary has raised such a

11:13:26AM  10   defense.

11:13:26AM  11           MR. WOODARD:  He has not.

11:13:27AM  12           THE COURT:  Okay.  So why are we here?

11:13:29AM  13           MR. WOODARD:  To set a deadline in the Court's

11:13:35AM  14   discretion pretrial for Mr. Satary to make that

11:13:37AM  15   determination because if he --

11:13:38AM  16           THE COURT:  So you want me to force him to decide

11:13:40AM  17   before trial?

11:13:41AM  18           MR. WOODARD:  Yes, Your Honor.

11:13:42AM  19           THE COURT:  Uh-huh.

11:13:43AM  20           MR. WOODARD:  As other courts in this district have

11:13:45AM  21   done.

11:13:45AM  22           THE COURT:  Give me one.

11:13:46AM  23           MR. WOODARD:  That's the *Crinel* case, Your Honor.

11:13:48AM  24           THE COURT:  She didn't force him to make one.  I read

11:13:53AM  25   *Crinel*.  What she did, what Judge Morgan did, was set a

11:13:57AM  1   deadline by which if he chose to assert it, the deadline by

11:14:01AM  2   which he would have to let her know.  And when I looked at

11:14:04AM  3   that case, I noticed that she gave him an April 2017

11:14:08AM  4   deadline.

11:14:08AM  5           When was the trial in that case?  Because y'all are

11:14:13AM  6   asking me now and your trial is not until January 2023.

11:14:17AM  7           MR. WOODARD:  Yes, Your Honor.  And to be up front,

11:14:19AM  8   when we filed this motion --

11:14:21AM  9           THE COURT:  I know, the trial was closer.

11:14:23AM  10          MR. WOODARD:  Yes, Your Honor.  And I'm certainly not

11:14:25AM  11  asking for a deadline, you know, within weeks or even months.

11:14:29AM  12  We were --

11:14:29AM  13          THE COURT:  But aren't you also going beyond asking

11:14:34AM  14  for setting a deadline, but asking to conduct all sorts of

11:14:37AM  15  discovery and all that stuff?  Didn't I read that in your

11:14:41AM  16  submission.

11:14:42AM  17          MR. WOODARD:  We are asking that if the defendant

11:14:44AM  18  declares an intention to rely on advice of counsel to produce

11:14:49AM  19  the documents, he will have to produce under Rule 16 to the

11:14:53AM  20  government.

11:14:55AM  21          THE COURT:  He hasn't produced enough documents

11:14:57AM  22  already to the government?

11:14:58AM  23          MR. WOODARD:  I don't believe he's produced any

11:15:00AM  24  documents, Your Honor.

11:15:01AM  25          THE COURT:  Have y'all done y'all's reciprocal

11:15:04AM  **1**   disclosure?

11:15:06AM  **2**        MR. WOODARD:  The government has produced discovery

11:15:08AM  **3**   and is producing discovery, Your Honor, yes.

11:15:10AM  **4**        THE COURT:  Okay.  Go ahead.

11:15:11AM  **5**        MR. WOODARD:  Really, just the gist of the argument

11:15:13AM  **6**   Your Honor, is if this waited until the middle of trial and

11:15:16AM  **7**   there were thousands and thousands of documents produced to

11:15:20AM  **8**   the government mid-trial, it would certainly not only, you

11:15:23AM  **9**   know, delay and potentially halt the entire trial, but the

11:15:27AM  **10**  defense itself is extremely fact intensive.  Once the

11:15:32AM  **11**  government got this discovery, it would have to determine

11:15:34AM  **12**  whether, for instance, Mr. Satary can appropriately and

11:15:38AM  **13**  legally raise the defense.

11:15:39AM  **14**       THE COURT:  Isn't that for the judge to do?  It's not

11:15:45AM  **15**  for the government to do.  It's for the judge to do, to make

11:15:48AM  **16**  that call.

11:15:49AM  **17**       MR. WOODARD:  Upon a government motion, Your Honor, I

11:15:50AM  **18**  would assume.

11:15:51AM  **19**       THE COURT:  Maybe, maybe not.  But go ahead.

11:15:53AM  **20**       MR. WOODARD:  For instance, Your Honor, if the

11:15:56AM  **21**  evidence showed that Mr. Satary knew what he was doing was

11:15:59AM  **22**  wrong before reaching out to an attorney -- and this is

11:16:02AM  **23**  facts, we just don't know until the documents are provided --

11:16:05AM  **24**  the government would be probably moving to exclude, you know,

11:16:07AM  **25**  this defense from trial.  And this would be happening in the

| | | |
|---|---|---|
| 11:16:12AM | 1 | midst of trial rather than handling it closer to trial as |
| 11:16:14AM | 2 | other courts in the district have set deadlines to do, so it |
| 11:16:19AM | 3 | can be handled. |
| 11:16:20AM | 4 | THE COURT: But I didn't read Judge Morgan's decision |
| 11:16:23AM | 5 | as permitting the government to then open up a whole line of |
| 11:16:28AM | 6 | discovery so they can run down every witness and track every |
| 11:16:33AM | 7 | document. Her order was simply -- if this is the -- if he |
| 11:16:39AM | 8 | wishes to raise it, then she was going to have a hearing, an |
| 11:16:43AM | 9 | evidentiary hearing, to determine if it's appropriate. |
| 11:16:46AM | 10 | That's what she did. |
| 11:16:48AM | 11 | In the *Impastato* case, which Judge Stanwood Duval, my |
| 11:16:57AM | 12 | former colleague on the bench, he did the same thing. So |
| 11:17:00AM | 13 | none of my colleagues to date have done what the government |
| 11:17:01AM | 14 | is suggesting that they've done. They've not permitted |
| 11:17:03AM | 15 | overly broad, open discovery of witnesses and required |
| 11:17:07AM | 16 | mandatory disclosure. |
| 11:17:08AM | 17 | And when I read Rule 16 of the criminal rules, they |
| 11:17:13AM | 18 | don't say they have to do that. So I'm not sure what rules |
| 11:17:16AM | 19 | y'all are reading. I kind of feel like y'all are trying to |
| 11:17:20AM | 20 | convert my criminal case to a civil case and I ain't going to |
| 11:17:24AM | 21 | do that. |
| 11:17:24AM | 22 | MR. WOODARD: Understood, Your Honor. |
| 11:17:25AM | 23 | What we're asking for is something in line with |
| 11:17:29AM | 24 | *Crinel* and *Impastato*, which is to set that deadline pretrial, |
| 11:17:33AM | 25 | but without the defendant producing documents he would intend |

11:17:36AM 1  to rely on in support of the advice of counsel defense, there

11:17:39AM 2  could be no evidentiary hearing prior to trial.

11:17:42AM 3       THE COURT:  I don't know that that's true.  I think

11:17:45AM 4  he can be obligated by the court to present whatever

11:17:49AM 5  information he believes during that hearing supports his

11:17:54AM 6  position that he should be entitled to advice of counsel as a

11:17:59AM 7  defense and it's for the judge to determine if it's

11:18:03AM 8  appropriate.  You know, I have some fundamental issues with

11:18:09AM 9  making them do anything.  I'm going to be straight with you.

11:18:13AM 10      MR. WOODARD:  Understood, Your Honor.

11:18:13AM 11      THE COURT:  I think the government sometimes gets too

11:18:16AM 12 nosey.  They pick a fight and then they want you to help them

11:18:19AM 13 convict you, right?  And I don't think that's how this is

11:18:23AM 14 supposed to go.

11:18:24AM 15      Anyway, your turn.  I'm listening.

11:18:48AM 16      MR. WINCHESTER:  May it please the Court, thank you

11:18:50AM 17 for having me this morning.  My name is Kyle Winchester and

11:18:52AM 18 I, along with Scott Grubman and Amanda Palmer, have the

11:18:56AM 19 privilege of representing Khalid Satary.

11:18:57AM 20      In ECF 321, we've opposed and objected to the

11:19:02AM 21 government's motion.  The motion should be denied and there's

11:19:04AM 22 three reasons why.  The first reason is this is an untimely

11:19:07AM 23 12(b)(3) motion and the government has shown no good cause --

11:19:11AM 24      THE COURT:  Well, why is it untimely since I now have

11:19:14AM 25 a new trial date?

11:19:15AM  1        MR. WINCHESTER:  Because this is -- because under

11:19:17AM  2    Rule 12(b)(3)(E), this is a motion that seeks discovery under

11:19:25AM  3    Rule 16.  As the Court noted, part of what they're asking for

11:19:27AM  4    is not only an indication in advance of trial to signal what

11:19:31AM  5    the defense is going to be or this claim that it's not going

11:19:34AM  6    to be this, but also disclose five categories of documents

11:19:38AM  7    that are otherwise not subject to disclosure under 16(b)(2)

11:19:43AM  8    and that is the second reason that this should be denied.

11:19:47AM  9        THE COURT:  But why is it untimely?  You blazed

11:19:50AM  10   through the timeliness.  I didn't understand what you said as

11:19:54AM  11   to why is it untimely.

11:19:55AM  12       MR. WINCHESTER:  It's untimely because Judge Vitter's

11:19:57AM  13   order, 252 at page 2, set a January 10th pretrial motions

11:20:01AM  14   deadline.  This is a pretrial --

11:20:01AM  15       THE COURT:  January 10, 2023?

11:20:04AM  16       MR. WINCHESTER:  No, Your Honor, 2022.

11:20:06AM  17       THE COURT:  Didn't she move that or did she maintain

11:20:08AM  18   that?

11:20:09AM  19       MR. WINCHESTER:  No, Your Honor.  Her amended order

11:20:11AM  20   changed other deadlines that had not been completed, but the

11:20:14AM  21   amended order, the provision about pretrial motions was

11:20:17AM  22   complete at the time of the amended order.  So that -- it's

11:20:20AM  23   passed.

11:20:20AM  24       THE COURT:  Okay.  All right.  Now I understand your

11:20:23AM  25   untimeliness, that she only moved some deadlines, but not

11:20:27AM  1  this deadline, and the government was aware and they blew

11:20:31AM  2  past it, so I should not grant the request.  I understand.

11:20:35AM  3      Okay.  Next argument.

11:20:35AM  4      MR. WINCHESTER:  The next argument is that there is

11:20:38AM  5  no controlling authority for this as the Court and I think

11:20:41AM  6  the government concedes this is purely discretionary.

11:20:44AM  7      THE COURT:  I don't know that the government conceded

11:20:46AM  8  that.  I don't know.

11:20:47AM  9      Did you concede that there's no authority for what

11:20:50AM  10  you're asking?

11:20:50AM  11      MR. WOODARD:  We do believe there is authority, but

11:20:52AM  12  we also believe it is discretionary in this court whether to

11:20:55AM  13  order this.  We don't think it's mandated by Rule 16 for

11:20:58AM  14  instance.

11:20:58AM  15      THE COURT:  But what is the authority?

11:21:00AM  16      MR. WOODARD:  The *Crinel* and *Impastato* decisions we

11:21:02AM  17  cited.

11:21:03AM  18      THE COURT:  I don't know that that's authority.

11:21:05AM  19      MR. WINCHESTER:  So that's why I use the word

11:21:07AM  20  "controlling," because there's nothing from the Fifth Circuit

11:21:08AM  21  that says that they're entitled to this.  To the extent that

11:21:11AM  22  the government cites *Crinel* as persuasive and *Impastato* as

11:21:16AM  23  persuasive decisions, I think there are some factual

11:21:19AM  24  distinctions from this -- those cases that show that this is

11:21:22AM  25  not appropriate to do in this case.

11:21:24AM 1   THE COURT:  Tell me why.

11:21:26AM 2   MR. WINCHESTER:  The first one is that in *Impastato*

11:21:28AM 3 there was a discovery dispute about an attorney letter that

11:21:33AM 4 the defendant had injected into the case.  So that's the

11:21:36AM 5 difference, is that the government in its motion has cited

11:21:40AM 6 nothing that Mr. Satary has done to inject the advice of

11:21:43AM 7 counsel defense into the case at this point.

11:21:45AM 8   THE COURT:  Let me ask this question:  Do y'all know

11:21:48AM 9 because I didn't have the time to figure it out, did Ms.

11:21:49AM 10 Crinel ever raise it as a defense?  Because I saw where the

11:21:53AM 11 government raised the issue, but I don't know if the

11:21:57AM 12 defendant ever raised it in her trial.  Do y'all know?

11:22:00AM 13   MR. WINCHESTER:  I --

11:22:01AM 14   THE COURT:  Was that evidentiary hearing ever had by

11:22:04AM 15 Judge Morgan such that the order mattered in the case?

11:22:09AM 16   MR. WINCHESTER:  I'm not certain, Your Honor.

11:22:11AM 17   THE COURT:  Okay.

11:22:11AM 18   MR. WOODARD:  I'm not either, Your Honor.  Sorry.

11:22:13AM 19   THE COURT:  Okay.  I couldn't figure it out.  I

11:22:15AM 20 thought brighter minds would have been able to figure it out.

11:22:20AM 21   Okay.  Go ahead.

11:22:21AM 22   MR. WINCHESTER:  So the second part of that is that

11:22:24AM 23 these -- the vast majority of the discovery that they are

11:22:27AM 24 asking to compel is not subject to disclosure under

11:22:31AM 25 16(b)(2)(ii) and (iii), and those specific pieces of

11:22:39AM 1   information are the statements by the defendant to his lawyer

11:22:42AM 2   which would be required to advise -- to raise advice of

11:22:47AM 3   counsel or the statements from the lawyer to the defendant

11:22:49AM 4   which would also be required to disclose if the defendant

11:22:53AM 5   voluntarily decides and elects to pursue an advice of counsel

11:22:58AM 6   defense.

11:22:59AM 7       The last reason is that at this late stage in the

11:23:02AM 8   proceedings, it's simply unfair to change the parameters of

11:23:05AM 9   reciprocal discovery.  I think that goes to the reasoning of

11:23:08AM 10  the Wilkerson case that we've relayed on very heavily, which

11:23:12AM 11  is that if there was an appropriate time for the government

11:23:14AM 12  to make a motion like this, it would have been at the

11:23:16AM 13  beginning, not at the end.

11:23:18AM 14      So -- so that's also a fundamental distinction from

11:23:23AM 15  the *Crowder* decision from the DC Circuit that the government

11:23:26AM 16  has relied on.  Those motions were filed contemporaneously at

11:23:31AM 17  the beginning of the case, not --

11:23:32AM 18      THE COURT:  *Crowder* was at the beginning?

11:23:35AM 19      MR. WINCHESTER:  Yes.  That's at page -- excuse me --

11:23:38AM 20  133 of that decision.  The Court makes a specific notation of

11:23:41AM 21  that.  So there's a fundamental fairness distinction there.

11:23:45AM 22      And the last point that I think needs to be made is

11:23:48AM 23  that the -- many of the arguments that the government has

11:23:52AM 24  raised I think are more appropriate as the Court has

11:23:55AM 25  intimated for a charge conference or for a discussion about

11:24:00AM  1    jury instructions and not necessarily for a pretrial motion

11:24:03AM  2    or an early -- or early discovery deadline.

11:24:08AM  3         THE COURT:  Why is that?

11:24:09AM  4         MR. WINCHESTER:  Because as I think the Court has

11:24:12AM  5    noted, these are factual determinations for the district

11:24:15AM  6    judge.  Judge Vitter has set a December 14th deadline for the

11:24:20AM  7    parties to submit their jury instructions and there's a

11:24:22AM  8    footnote in that amended order, 321 or 314 rather, that says

11:24:27AM  9    that the parties should be prepared to discuss those jury

11:24:30AM  10   instructions at the pretrial conference.  So there will be a

11:24:35AM  11   discussion of these types of things, but compelling early

11:24:38AM  12   discovery months in advance of a trial and requiring Mr.

11:24:41AM  13   Satary to signal a defense, whether there's no controlling

11:24:44AM  14   authority from the rules of procedure or the Fifth Circuit is

11:24:47AM  15   just simply inappropriate at this late in the proceedings,

11:24:49AM  16   Your Honor.  We move the Court to deny the motion.

11:24:56AM  17        THE COURT:  All right.  Any response?

11:25:00AM  18        MR. WOODARD:  Just very briefly, Your Honor, on

11:25:04AM  19   timeliness, we believe this -- first off, we waited this

11:25:09AM  20   close until trial because we do respect the defendant's

11:25:12AM  21   rights not to have to tell the government what his defense is

11:25:16AM  22   and we are waiting this close to trial to avoid this

11:25:19AM  23   happening in the middle of trial.  We certainly have not --

11:25:22AM  24   we did not move Mr. Satary to waive privilege at the

11:25:26AM  25   beginning of this case and the government have years and

11:25:29AM 1   years to look through this.  We're simply asking that the

11:25:31AM 2   deadlines be pushed up briefly before the trial so it does

11:25:36AM 3   not halt the entire proceedings.  If the defendant does

11:25:39AM 4   decide to raise this defense, the law settled that he has to

11:25:43AM 5   waive privilege and he will have to produce documents

11:25:46AM 6   supporting his case-in-chief to the government.  If the Court

11:25:50AM 7   allows --

11:25:50AM 8       THE COURT:  I've actually seen it presented during

11:25:52AM 9   the course of a trial, not necessarily produced to the

11:25:56AM 10  government in advance of the trial.  So I know y'all are

11:26:01AM 11  trying to move the ball up, but I'm not sure what the

11:26:03AM 12  authority for that is.  And I don't remember which case it

11:26:06AM 13  was but -- let's see.

11:26:12AM 14      The court evaluated the evidence presented.  It was

11:26:17AM 15  on appeal.  And here it is.  Jury charge excluded.  There was

11:26:24AM 16  not sufficient evidence of good faith reliance presented.

11:26:29AM 17      This is the *Condon* case where the court considered on

11:26:35AM 18  appeal whether the lower court's decision to not give a jury

11:26:40AM 19  charge regarding good faith advice of counsel defense was

11:26:45AM 20  appropriate and they went through the evidence that the

11:26:47AM 21  defendant had presented during the trial which was that he

11:26:52AM 22  only gave some information to the lawyer, that the lawyer was

11:26:56AM 23  not fully retained on the entire transaction and that -- and

11:27:02AM 24  so his late attempt to say the lawyer didn't tell him he

11:27:08AM 25  shouldn't lie on the form the court didn't buy, and so the

```
11:27:12AM   1   court did not give the charge.  So I don't understand why
11:27:16AM   2   this case would not necessarily occur in the same fashion,
11:27:20AM   3   that if Mr. Satary chose to try to present evidence of lawyer
11:27:26AM   4   reliance that -- during the course of the trial, in advance
11:27:30AM   5   of that, it would seem to me there would be a disclosure
11:27:34AM   6   requirement on the exhibits, identification of any witnesses.
11:27:37AM   7   In that particular case, in the Condon case, the lawyer
11:27:41AM   8   actually took the stand and testified.
11:27:44AM   9        I don't know why the government perceives that it is
11:27:53AM  10   due advance notice when I doubt that you're going to give Mr.
11:27:58AM  11   Satary advance notice of all the witnesses you're going to
11:28:01AM  12   call --
11:28:01AM  13        MR. WOODARD:  We certainly have, Your Honor.
11:28:02AM  14        THE COURT:  -- that's going to testify adversely to
11:28:06AM  15   him.
11:28:06AM  16        MR. WOODARD:  We certainly have, Your Honor.
11:28:08AM  17        THE COURT:  Well, they will identify witnesses on
11:28:09AM  18   their witness list and they will identify exhibits that if
11:28:13AM  19   they are trying to assert this defense, to me, the procedure
11:28:17AM  20   is for them to list the documents then and you get to test
11:28:21AM  21   the quality of the witness and the evidence at that time.
11:28:25AM  22   I'm not sure why there's a need -- and it would constitute a
11:28:29AM  23   waiver.  The minute he invokes it, it constitutes a waive.
11:28:34AM  24        I don't think you all oppose or object to that, do
11:28:35AM  25   you?
```

11:28:35AM  1        MR. WINCHESTER:  No, Your Honor.  It's a subject

11:28:37AM  2   matter waiver.

11:28:37AM  3        THE COURT:  Right.  And I think that you get to walk

11:28:39AM  4   through the door when the waiver happens, but to ask me based

11:28:42AM  5   on the submission I have, which is to get a declaration now,

11:28:46AM  6   if you want to raise it, which constitutes a waiver now, with

11:28:51AM  7   no evidence put on by the government, I'm kind of reticent to

11:28:56AM  8   do that.  I understand you kind of modified the request and

11:29:00AM  9   said, "Well, just do like Stan or just do like Judge Morgan

11:29:04AM  10  and set an evidentiary matter before trial," but that's --

11:29:10AM  11  that is still different than what you've asked, which is all

11:29:14AM  12  of this extra pretrial discovery, which I don't think is

11:29:18AM  13  authorized by Rule 16 to help you advance your prosecution.

11:29:24AM  14  I think that raises -- I would then be making him help you

11:29:27AM  15  convict him, which according to the Constitution, he gets to

11:29:31AM  16  sit down and shut up.

11:29:33AM  17        There's a whole bunch of conflicts that I'm not going

11:29:36AM  18  to walk through, so I'm not going to compel timely

11:29:41AM  19  disclosure.  I'm not going to let you walk through the door

11:29:43AM  20  and conduct all this discovery.

11:29:45AM  21        I will say to you, counsel for Mr. Satary, if he

11:29:50AM  22  intends to invoke it, you comply with the judge's pretrial

11:29:55AM  23  deadlines and I suggest that you raise the issue in a motion

11:29:59AM  24  to her in advance so she can consider what evidence you

11:30:05AM  25  intend if she so chooses.  She may not choose.  She may say,

11:30:11AM   **1**    "I don't care, let it come out in trial."

11:30:12AM   **2**    I will also say on the record that the government's

11:30:14AM   **3**    motion is also untimely and nor was there a motion for leave

11:30:19AM   **4**    submitted to the court for its consideration.  So I'm denying

11:30:22AM   **5**    it, not only denying it on timeliness grounds, I'm denying it

11:30:26AM   **6**    on substantive grounds.  I don't think there's legal

11:30:29AM   **7**    authority to support what is being asked.

11:30:32AM   **8**    It feels like a conversion of a criminal case to a

11:30:36AM   **9**    civil case, which clearly affords broad authority to discover

11:30:42AM **10**    all kinds of stuff before the case gets to trial.  And the

11:30:45AM **11**    way criminal cases are designed constitutionally, they are

11:30:48AM **12**    not built that way and I'm not going to start to be the one

11:30:52AM **13**    to convert it.  And so if they invoke it, they know they

11:31:00AM **14**    waive.

11:31:01AM **15**    I still don't think you have the right to pretrial

11:31:04AM **16**    discovery of the waiver.  I think it goes to the quality of

11:31:07AM **17**    the evidence presented at trial and whether it's sufficient,

11:31:11AM **18**    and then Judge Vitter decides, like the judge in *Condon*,

11:31:16AM **19**    whether there's enough evidence to support a jury charge

11:31:20AM **20**    going to the jury on it.  But I'm not going to do it.

11:31:23AM **21**    That's my ruling.  If you want a copy, get a copy of

11:31:26AM **22**    the transcript.  I'm not going to write an order.

11:31:31AM **23**    But let me just say this:  I'm relying not only on

11:31:35AM **24**    *Condon*, I've evaluated the *Crinel* case.  I evaluated the

11:31:38AM **25**    *Crowder* case.  I've evaluated the *Impastato* case.  Neither of

11:31:41AM 1  them -- I will say this, neither of my colleagues have

11:31:43AM 2  afforded discovery of this issue pretrial as the court has

11:31:47AM 3  been asked.  The only thing they said was if he intends to do

11:31:52AM 4  it, give us a little notice, I'll submit it on briefs and

11:31:56AM 5  I'll make a call, right?

11:31:57AM 6      So I think that if the issue is raised the messaging

11:32:01AM 7  is you submit it on briefs to give the judge an opportunity

11:32:05AM 8  to fully consider the issue, but as I read *Condon*, the

11:32:10AM 9  evidence was presented during the *Condon* trial.  *Condon*

11:32:13AM 10  didn't like the fact that the judge disagreed and did not

11:32:16AM 11  give the jury charge as requested, but the Eleventh Circuit

11:32:20AM 12  affirmed the decision of the judge to exclude it and that's

11:32:23AM 13  how these proceedings should advance.  So as for this judge,

11:32:30AM 14  the answer is no.

11:32:32AM 15      I also have considered *Wilkerson* and he was talking

11:32:39AM 16  about the reciprocity rules and all that stuff, but more

11:32:44AM 17  importantly, I don't plan on converting criminal cases to

11:32:47AM 18  civil cases.

11:32:48AM 19      The other thing, let the record note that the

11:32:50AM 20  government had submitted the *Conkling v. Turner* case to the

11:32:54AM 21  court, 883 F.2d 431, and that actually appeared to be a civil

11:33:02AM 22  RICO case to me, not a criminal case, which the rules of

11:33:05AM 23  discovery are so different that I didn't understand the basis

11:33:08AM 24  for it other than that court had reviewed and evaluated

11:33:13AM 25  questions that were submitted.  But, of course, judges do

11:33:15AM    1    that in civil cases. That is normal. It is abnormal in a

11:33:20AM    2    criminal case.

11:33:21AM    3        Anything else further for the Court at this time?

11:33:23AM    4        MR. WOODARD: No, Your Honor.

11:33:24AM    5        MR. WINCHESTER: No, Your Honor.

11:33:24AM    6        THE COURT: Have a great day.

            7                 * * * *

            8        (WHEREUPON, the proceedings were adjourned.)

            9                 * * * *

      10             REPORTER'S CERTIFICATE

      11        I, Nichelle N. Wheeler, RMR, CRR, Official Court
Reporter, United States District Court, Eastern District of

      12    Louisiana, do hereby certify that the foregoing is a true and
correct transcript, to the best of my ability and

      13    understanding, from the record of the proceedings in the
above-entitled and numbered matter.

      14

      15                 /s/ Nichelle N. Wheeler
                    Official Court Reporter

      16

      17

      18

      19

      20

      21

      22

      23

      24

      25