UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | Criminal No. 2:19-CR-00197 |
| v. ) | |
| ) | Section "D" |
| ) | Judge Wendy B. Vitter |
| **KHALID AHMED SATARY,** ) | |
| ) | Magistrate (4) |
| Defendant. ) | Magistrate Judge Roby |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL DATE

The United States of America, by and through undersigned counsel, respectfully requests that the Court deny Defendant Khalid Satary's Motion to Continue the Trial Date Due to Conflict (Dkt. No. 329). Satary bases his request on a conflict that one of his three attorneys, Amanda Clark-Palmer, has with the current trial date. Specifically, Ms. Clark-Palmer has a trial scheduled to begin on January 9, 2023, in the United States District Court for the Northern District of Georgia. The government recognizes the difficult circumstances facing Ms. Clark-Palmer and does not take the decision to oppose this request lightly. However, for the reasons discussed below, the government must oppose Satary's request for another continuance.

*First*, the current trial date was set after a status conference on June 27, 2022 (Dkt. No. 312). As this Court is well aware, the scheduling of the January 17, 2023 trial date was particularly challenging due to Satary's lawyers' prior conflicts that extended through October, November, and December 2022. During the Court's most recent status conference, on October 21, 2022, Satary's legal team specifically raised Ms. Clark-Palmer's present conflict (Dkt. No. 325). Despite raising the conflict, the Defendant did not seek a continuance, and the Court made clear that it intended to move forward with trial on January 17, 2023. Now that courts across the country have reopened and are facing significant backlogs due to the COVID-19 pandemic, all of the lawyers

1

in this case, and surely the Court, have trials scheduled throughout 2023. The government is thus concerned that it will once again be extremely challenging to select a new trial date free of conflicts for the Court and the prosecution and defense teams.

*Second*, Satary's suggestion that a denial of his request for a continuance would "effectively den[y] [him] his Sixth Amendment rights should this trial move forward without [Ms. Clark-Palmer]" is wrong and not supported by the facts or the law (Dkt. No. 329-1, at 4). Satary was indicted in September 2019 and has been represented by competent and effective counsel throughout this litigation; indeed, Satary and his legal team have had ample time to prepare his defense, as reflected in the numerous motions they have filed and the amount of time that has passed since his indictment. The potential loss of one of his three lawyers, for part of the trial, is a far cry from any type of denial of his Sixth Amendment right to effective counsel. *See, e.g.*, *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007) (affirming denial of continuance and rejecting defendant's claim that his lawyer did not have adequate time to prepare where the case was "complex," involved "ten defendants, even more witnesses, . . . voluminous discovery," and the defendant's lawyer only had 10 days to prepare).

For these reasons, the government opposes Satary's request for another continuance. That said, if the Court is inclined to grant his request, the government recommends that it only continue the trial by one week, to begin on January 23, 2023, as Satary initially proposed to the prosecution team.[1]

---

[1] On November 17, 2022, Ms. Clark-Palmer emailed the prosecution team requesting the government's position on a one-week continuance of the trial, to January 23, 2023. The government opposed this request based on conflicts two of the prosecutors have with this new date. However, if forced to decide between a one-week continuance and a 60-day continuance, the prosecution team would prefer a one-week continuance and will take steps to make that date work if necessary.

**CONCLUSION**

For the reasons stated herein, the government respectfully requests that the Court deny the Defendant's Motion to Continue the Trial Date Due to Conflict (Dkt. No. 329). However, if the Court is inclined to grant the Defendant's request, the government respectfully requests that it only continue the trial to January 23, 2023.

    Respectfully submitted,

    GLENN S. LEON
    CHIEF, FRAUD SECTION
    U.S. DEPARTMENT OF JUSTICE
    CRIMINAL DIVISION, FRAUD SECTION

    *s/ Alexander Thor Pogozelski*
    ALEXANDER THOR POGOZELSKI
    MICHAEL CULHANE HARPER
    Trial Attorneys
    JUSTIN M. WOODARD
    Assistant Chief
    U.S. Department of Justice
    Criminal Division, Fraud Section
    (202) 510-2208 (Pogozelski)
    (202) 445-9850 (Harper)
    (202) 262-7868 (Woodard)
    Alexander.Pogozelski@usdoj.gov
    Michael.Harper@usdoj.gov
    Justin.Woodard@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel of record.

    *s/ Alexander Thor Pogozelski*
    ALEXANDER THOR POGOZELSKI