UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 2:19-cr-00197 |
| v. | * | |
| | | SECTION: "D" (4) |
| KHALID AHMED SATARY | * | |

\* \* \*

### UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY

The United States of America, by and through undersigned counsel, respectfully provides the Court notice of supplemental authority regarding the obligations of third-party custodians and the Court's contempt authority under Title 18, United States Code, Section 401. In *United States v. Crow*, Case No. 1:15-CR-10003-CBK, 2015 WL 4692962, at *2 (D. S.D. Aug. 5, 2015), the defendant, a third-party custodian for her son, argued that "a third-party custodian cannot be held in contempt for the actions of the person being supervised, including absconding or the commission of crimes while on release." The court rejected that argument, holding that the third-party custodian was charged with contempt not based on the actions of her son, but based on her own violation of the court's order appointing her his third-party custodian and requiring her to report any violations of bond by her son. *But see United States v. Hopkins*, Case No. 3-99-CR-324-D, 2000 WL 146372 (N.D. Tex. Feb. 2, 2000).[1] The United States respectfully submits that *Crow* is the more persuasive authority on this question. To hold that a third-party custodian faces

---

[1] While the United States respectfully disagrees with the court's holding in *Hopkins*, it bears mentioning that the court there did note that a third-party custodian "may be subject to criminal prosecution if he conceals the whereabouts of the defendant or obstructs efforts to apprehend him." *Hopkins*, 2000 WL 146372, n. 2. During the hearing on December 12, 2022, Jordan Satary refused to answer any of the Court's questions regarding the Defendant's whereabouts. Worse still, Jordan Satary even refused to answer, *through counsel*, the Court's question regarding the last time he texted with his father.

1

no consequences whatsoever for failing to abide by a court order requiring him or her to monitor a defendant and report any violations of bond or potential flight would render that condition of release meaningless.

        Respectfully submitted,

        GLENN S. LEON
        CHIEF, FRAUD SECTION
        U.S. DEPARTMENT OF JUSTICE
        CRIMINAL DIVISION, FRAUD SECTION

        *s/ Alexander Thor Pogozelski*
        ALEXANDER THOR POGOZELSKI
        Trial Attorney
        JUSTIN WOODARD
        Assistant Chief
        U.S. Department of Justice
        Criminal Division, Fraud Section
        (202) 510-2208 (Pogozelski)
        (202) 262-7868 (Woodard)
        Alexander.Pogozelski@usdoj.gov
        Justin.Woodard@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on December 14, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel of record, and also served this filing on counsel for Jordan Satary.

                                                  *s/ Alexander Thor Pogozelski*
                                                  ALEXANDER THOR POGOZELSKI
                                                  U.S. Department of Justice
                                                  Criminal Division, Fraud Section